IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MATTHEW D. HOOPER, | Cause No. CV 23-22-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| MONTANA DEPARTMENT OF CORRECTIONS, | |
| Defendant. | |

Plaintiff Matthew D. Hooper ("Hooper"), filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) The Court advised Mr. Hooper of the deficiencies in his complaint on May 11, 2023 and he was provided an opportunity to file an amended complaint. (Doc. 7.) Mr. Hooper was given 21 days within which to do so and was advised that if he failed to comply, the matter was subject to dismissal. (*Id*. at 14-15.)

Mr. Hooper then sought a 60-day extension for filing of his amended complaint. (Doc. 8.) The Court granted the motion for extension on June 2, 2023. (Doc. 9.) Despite being provided additional time, Mr. Hooper has failed to comply with the Court's order directing him to file an amended complaint. Additionally, Mr. Hooper is no longer in custody of the WATCH program,[1] but has failed to

---

[1] *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3016783/

update the Court of his current address as previously instructed.  (*See* Doc. 7 at 14; *see also* Doc. 9 at 2.)

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court.  *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules.  *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint).  A Court may dismiss a case on its own without awaiting a motion.  *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv*., 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors

_____

(accessed August 21, 2023).

favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Hooper has failed to comply with this Court's order directing him to file an amended complaint, despite being provided additional time to do so. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Hooper refuses to comply with the Court's orders. Mr. Hooper's case has consumed judicial resources and time that could have been better spent on other matters. This factor also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Mr. Hooper in the present case.

The Court has considered less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal.  *Id*.  Mr. Hooper was afforded an adequate amount of time in which to prepare and file his amended complaint.  He was provided an additional 60 days to comply with the Court's order.  Further, Hooper was advised that his failure to obey the court's order would result in dismissal.  (*See e.g.* Doc. 7 at 14-15; Doc. 9 at 2.)  Such a warning satisfies the considerations of the alternative requirement.  *See Ferdik*, 963 F. 2d at 1262.  Mr. Hooper had adequate warning that dismissal would result from his noncompliance.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  But in light of the other four factors favoring dismissal, the weight of this factor is slight.  No further resources of the Court will be expended.  This matter will be dismissed based upon Hooper's failure to prosecute pursuant to Fed. F. Civ. P. 41(b).  Accordingly, the Court enters the following:

**ORDER**

1.  This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2.  The Clerk of Court is directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this 23rd day of August, 2023.

_____
   Brian Morris, Chief District Judge
   United State District Court